**In re GRAND JURY SUBPOENA, Dated January 23, 2001 (Ramon W. Pagan, Esq.).**

**Ramon W. Pagan, Esq., Petitioner–Appellant,**

v.

**United States of America, Respondent–Appellee.**

**No. 01–6040.**

United States Court of Appeals, Second Circuit.

April 19, 2001.

Joseph A. Bondy, Esq., New York, NY, for appellant.

Emily Berger, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Steven L. D'Alessandro, Special Assistant United States Attorney, of counsel, New York, NY, for appellee.

Present WALKER, Chief Judge, McLAUGHLIN and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED for lack of jurisdiction.

Petitioner Ramon Pagan seeks interlocutory review of an order dated February 22, 2001 of the District Court for the Eastern District of New York (Nicholas G. Garaufis, J.) denying Pagan's motion to quash a grand jury subpoena dated January 23, 2001. Pagan is a criminal defense attorney, and currently represents two defendants, Andres Almonte in *United States v. Almonte,* 00 CR 1046(DGT), and Guillermo Aliro Perez, who is also Pagan's paralegal, in *United States v. Perez,* 00 CR 1062(ERK). Both defendants are charged as "outbound couriers" with failing to file currency reports and making false statements in violation of 31 U.S.C. § 5316 and 18 U.S.C. § 1001. Both cases involved seizures of approximately $210,000 in U.S. currency, hidden inside aerosol cans, as each defendant sought to leave the United States for Santo Domingo, Dominican Republic, in September 2000. While employed as Pagan's paralegal, Perez worked on Almonte's bail application before his own arrest. The government issued this subpoena to compel Pagan to testify before the Grand Jury, and to provide payment and billing information for work conducted by Perez that related to the Almonte case.

Pagan moved to quash the subpoena, and on February 22, 2001 the district court denied Pagan's motion. The district court determined that Pagan's testimony had probative value as it might establish a link between Perez, Almonte and others and therefore provide a basis for conspiracy charges. Pagan now appeals and seeks to quash the subpoena on the grounds that (1) compelling his testimony will violate the two defendants' Sixth Amendment

88

right to counsel of their choice, and (2) the subpoena was brought for the improper purpose of seeking discovery on the eve of trial. The government has moved to dismiss the appeal on the basis that we lack appellate jurisdiction over this interlocutory appeal. We agree with the government that we lack appellate jurisdiction, and therefore dismiss the appeal.

As a general rule, orders enforcing subpoenas issued in connection with civil and criminal actions, or grand jury proceedings, are not final under 28 U.S.C. § 1291, and therefore not immediately appealable. *See United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 468 (2d Cir.1996). Appellant has not defied the district court's order, been held in contempt, and appealed the contempt order, which is regarded as final. *See id.* at 469. Nor have Perez and Almonte intervened to protect their constitutional rights, or to contend that the disclosure of material or testimony as a result of the subpoena would violate a privilege they hold. Thus Pagan's claim does not fit within the second exception to the general rule, which permits an immediate appeal if the subpoena is directed to a third party, such as a former attorney, who cannot be expected to risk a contempt sanction. *See Donald Payden v. United States (In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Robert M. Simels, Esq.))*, 767 F.2d 26, 29 (2d Cir.1985); *In re Katz*, 623 F.2d 122, 124 (2d Cir.1980). Because Pagan is currently representing Perez and Almonte, and neither client has sought to intervene to protect any privilege or other rights, we lack jurisdiction over this appeal.

In any event, even if the case were properly before us, the petitioner has failed to establish to our satisfaction that the district court abused its discretion in failing to quash the subpoena in this case.

We do not reach the merits of petitioner's other arguments. For the reasons set forth above, the appeal is hereby dismissed.